**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joy Louise Cornett,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-21-00600-PHX-DJH<br><br>**ORDER** |

  Plaintiff seeks judicial review of the Social Security Administration ("SSA") Commissioner's decision denying her application for SSA disability benefits. Plaintiff filed an Opening Brief (Doc. 17) on January 31, 2022. Defendant filed a Response Brief (Doc. 18) on March 2, 2022. Plaintiff filed her Reply Brief (Doc. 19) on March 17, 2022. The Court has reviewed the briefs and the Administrative Record (Doc. 9, "R."). For the following reasons, the Court affirms the Administrative Law Judge's ("ALJ") decision.

**I. Background**

  On May 14, 2018, Plaintiff protectively filed an application for a period of disability and disability insurance with an onset date of December 31, 2016. (R. at 14). The ALJ issued an unfavorable decision on July 16, 2020. (R. at 11). The Appeals Council denied review. (R. at 1). This appeal followed.

  The ALJ found that Plaintiff's gastroesophageal reflux disease, seronegative rheumatoid arthritis, and systemic lupups erythematosus were severe impairments. (R. at 16). And the ALJ found Plaintiff's depressive disorder, generalized anxiety disorder,

bipolar disorder, and post-traumatic stress disorder, were not severe and only imposed "minimal limitation in the claimant's ability to perform basic mental work activities . . . ." (R. at 16). The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work. (R. at 20). In reaching this determination, the ALJ found that Plaintiff's symptom testimony was not "entirely consistent with the medical evidence and other evidence in the record . . . ." (R. at 21). Of note for this appeal, the ALJ also found that the opinion of Dr. R. M. Palmer, M.D., a consultative examiner, was not persuasive. (R. at 25).

## II. Legal Standard

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At

step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## III.   Discussion

Plaintiff raises two arguments: whether the ALJ properly considered the opinion of Dr. Palmer, and whether the ALJ properly found Plaintiff's mental impairments were nonsevere during step two.

### A. Dr. Palmer's Opinion

When evaluating what weight to assign a medical opinion, an ALJ considers several factors, the most important of which are the opinion's consistency and supportability. 20 C.F.R. § 404.1520c(b)(2). The more an opinion accords with other medical evidence, and the more that the opinion itself is supported with objective medical evidence, the more persuasive it is. 20 C.F.R. § 404.1520c(c)(1)–(2).

Dr. Palmer opined that Plaintiff could only lift less than ten pounds, that she could only stand or walk for two to four hours in an eight-hour workday, and that she could only sit for five hours per workday. (R. at 391–92). He also opined that Plaintiff could only occasionally handle and finger, and that there were no limitations on Plaintiff's ability to reach and feel. (R. at 393).[1]

The ALJ found the opinion was inconsistent with physical examinations showing pain and swelling in Plaintiff's limbs, normal gate, normal sensation, and "5/5" strength. (R. at 25).   The ALJ also found the opinion was inconsistent with Plaintiff's ability to

---

[1] The ALJ seems to have been under the impression that Dr. Palmer opined that Plaintiff could never reach or feel. (R. at 25). But this impression is inaccurate.

travel on a four-month world cruise and on extended trips to New Zealand . . . ." (*Id.*) Dr. Palmer's "one-time examination of" Plaintiff was "inconsistent with the overall medical evidence of record, including the claimant's antalgic gait and abnormal rapid alternating movements of the bilateral hands . . . ." (*Id.*) The ALJ, therefore, found the opinion unpersuasive.

Plaintiff notes that the ALJ's account of Dr. Palmer's opinion inaccurately conveys her ability to reach or feel. Indeed, ALJ seems to have been under the impression that Dr. Palmer opined that Plaintiff could never reach or feel. (R. at 25). The opinion states she was under no limitation to do so. (R. at 393). Because of this error, Plaintiff argues this case needs to be remanded for further proceedings.

The Court recognizes the ALJ's error but concludes that it is harmless. "So long as there remains 'substantial evidence supporting the ALJ's conclusions on . . . credibility' and the error 'does not negate the validity of the ALJ's ultimate [credibility] conclusion,' such is deemed harmless and does not warrant reversal." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). Although the ALJ misunderstood Dr. Palmer's assessment of Plaintiff's ability to reach and feel, the ALJ properly identified substantial evidence undercutting the assessment of Plaintiff's ability to lift and walk, such as 5/5 strength, normal gait, and her ability to travel. (R. at 25) (citing R. 316, 335, 339, 343). This harmless error does not warrant remand.

### B. Step Two Determination

Next, Plaintiff argues that her major depressive disorder was more than *de minimis* and that the ALJ should have added more limitations to the RFC or explained why mental limitations were not included. The ALJ found that Plaintiff's mental impairments (major depressive disorder, generalized anxiety disorder, bipolar disorder, and post-traumatic stress disorder) only caused minimal limitations and were, therefore, nonsevere. (R. at 16). In particular, the ALJ found that the record did show plaintiff was limited with respect to four functional areas: understanding, remembering, or applying information; interacting

with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (R. at 17). Although the ALJ did not explicitly discuss what impact the mental impairments have at step five, the ALJ did state that the "following residual functional capacity assessment reflects the degree of" mental impairments the ALJ finds based on the functional areas. (R. at 18).

Plaintiff argues that the evidence shows her mental impairments are severe. She claims that medical opinions, which the ALJ found persuasive, show limitations in some functional areas. (Doc. 17 at 22). But the opinions themselves state that Plaintiff's mental impairments are not severe. (R. at 69, 87). In addition, the Court finds that the portions of the record cited to by the ALJ in discussing the functional areas constitute substantial evidence to support the conclusion that Plaintiff's mental impairments are not severe. (*See* R. at 17). The Record, cited to by the ALJ, shows that Plaintiff scored a 30/30 on a mini mental status examination, that she was generally well-groomed, was frequently engaged in international travel, and that she was contemplating a Master's degree in history. (R. at 291, 297, 337, 382, 504, 614).

Finally, Plaintiff argues that the ALJ's use of "boilerplate" language when stating that the RFC reflects the mental limitations found, does not constitute "valid consideration of Plaintiff's mental impairments." (Doc. 19 at 4). An ALJ must set forth a decision's reasoning with sufficient clarity to allow "for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). After a discussion of the medical evidence, the ALJ concluded that Plaintiff's mental limitations cause "no more than minimal limitation" to Plaintiff's functioning. (R. at 18). From this, the Court can reasonably infer that the ALJ found Plaintiff's mental limitations were so minimal that they did not require any specific consideration in crafting Plaintiff's RFC. This is enough for a meaningful review.

**IV. Conclusion**

The Court finds that substantial evidence supports the ALJ's decision.

/ / /

/ / /

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly.

Dated this 2nd day of September, 2022.

Honorable Diane J. Humetewa
United States District Judge